United States District Court
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

VINCENT RUSSO,

    Petitioner,

v.

ROBERT AYERS, JR., Warden

    Respondent.

No. C 07-01504 WHA

**ORDER TO SHOW CAUSE**

## INTRODUCTION

Petitioner Vincent Russo is serving a life sentence with the possibility of parole in California state prison. In his petition for a writ of habeas corpus, he has stated valid claims under 28 U.S.C. 2254. The government is **ORDERED TO ANSWER** the petition.

## STATEMENT

Petitioner was convicted in California Superior Court of (1) kidnaping to commit robbery and (2) attempted murder. Petitioner robbed a liquor store in December 1978. After demanding money from a store employee, Dale Eaton, petitioner noticed a light blinking by the register and concluded that Eaton had triggered the silent alarm. Petitioner fled in a panic and took Eaton with him. Petitioner later shot Eaton five times, although Eaton survived. On April 3, 1985, petitioner was sentenced to a term of life in prison with the possibility of parole. In April 2005, the Board of Prison Terms found petitioner unsuitable for parole. It was his eighth parole hearing.

On August 25, 2005, petitioner filed a petition for writ of habeas corpus in California Superior Court. Therein, petitioner challenged the April 2005 decision denying him parole. The Superior Court denied his petition on October 17, 2005. On November 15, 2005, he subsequently challenged the decision denying him parole in a petition to the California Court of Appeal. That petition was denied on January 20, 2006. A petition for writ of habeas corpus was filed before the California Supreme Court on February 10, 2006. That petition was denied on October 11, 2006. The instant federal habeas corpus petition was field on March 15, 2007.

## ANALYSIS

### 1. STANDARD OF REVIEW.

A district court may entertain a habeas petition filed by someone in custody pursuant to a state-court judgment but only on grounds that he or she is held in violation of the Constitution, laws or treaties of the United States. 28 U.S.C. 2254(a). A court may "issue an order directing the respondent to show cause why the writ should not be granted," unless the petition is baseless. 28 U.S.C. 2243. Summary dismissal is appropriate only if the petition's allegations are vague, conclusory, incredible or frivolous. *See Hendricks v. Vasquez*, 908 F.2d 490, 491 (9th Cir. 1990).

### 2. PETITIONER'S LEGAL CLAIMS.

Petitioner argues that the Board of Prison Terms' refusal to set a parole date for him violated his due process rights under the Fifth Amendment. Petitioner contends that there is no evidence to support the Board's finding that he was unsuitable for parole. He also contends that he served a disproportionate punishment under the sentencing scheme set forth by the California legislature. Petitioner states valid claims. The state therefore must answer.

## CONCLUSION

The **CLERK IMMEDIATELY SHALL SERVE** respondent's counsel with a copy of the petition, all attachments to it, and this order. **RESPONDENT SHALL FILE AND SERVE UPON PETITIONER, BY MAY 23, 2007, AN ANSWER** conforming to Rule 5 of the Rules Governing Section 2254 Cases in the United States District Courts. Respondent shall, by that date, also

2

1  serve all other materials required by Habeas Local Rule 2254-6(b). The record must be
2  indexed. If petitioner wishes to respond to the answer, he shall file a **TRAVERSE WITH THE**
3  **COURT AND SERVE IT UPON RESPONDENT WITHIN THIRTY DAYS OF SERVICE OF THE**
4  **ANSWER**.

6  **IT IS SO ORDERED.**



8  Dated: March 22, 2007.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

3